FILED
DEC 03 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 50064 |
| | ) | Judge Frederick J. Kapala |
| v. | ) | |
| | ) | Violations: Title 26, United States |
| GILBERT GRANET | ) | Code, Section 7201 |

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

   a. Defendant, GILBERT GRANET, was a resident of Chicago, Illinois.

   b. Talcott Financial Corporation (hereafter "Talcott") was incorporated in Illinois in 1997. The Illinois Secretary of State dissolved the corporation in 1999.

2. Granet caused a bank account to be opened by Talcott in 1997. Granet was an authorized signatory on the account and used the account for personal and other business matters before and after the dissolution of Talcott.

3. During the calendar year 2002, defendant GILBERT GRANET had a taxable income of, at least, $151,093.

4. Upon said taxable income, defendant GILBERT GRANET owed to the United States of America income tax of, at least, approximately $63,951.

5. By reason of this income, defendant GILBERT GRANET was required by law, following the close of the calendar year 2002, and on or before April 15, 2003, to make an income tax return to the Internal Revenue Service and to pay the income tax due and owing thereon.

6.  Throughout calendar year 2002, continuing to on or about April 15, 2003, in the Northern District of Illinois,

GILBERT GRANET,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the 2002 calendar year by:

   a.  using the name of a dissolved corporation, Talcott Financial Corporation, for his personal financial transactions in order to avoid making records which would have exposed that he was receiving taxable income;

   b.  using the bank accounts of Talcott and one of his family members for receipt of his personal income and disbursement of his personal expenditures, none of which were related to any business of Talcott or the family member, and were solely personal transactions of GILBERT GRANET;

   c.  handling the business of several corporations in a manner intended to avoid reporting of distributions of taxable income to GILBERT GRANET to the IRS on informational forms such as 1099's, and;

   d.  failing to pay to the Internal Revenue Service the full income tax due and owing;

In violation of Title 26, United States Code, Section 7201.

UNITED STATES ATTORNEY

2